# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. <br><br> MICHAEL CHERWENKA, <br><br>　　　　　Relator-Relator, <br> v. <br><br> CUMMINS, INC., *et al*., <br><br>　　　　　Defendants. | Civil Action No. 14-cv-00187-PAM-BRT <br><br><br> MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CUMMINS' MOTION FOR JUDGMENT ON THE PLEADINGS |

## I.　　INTRODUCTION

Michael Cherwenka's ("Relator") claims against Cummins Inc. ("Cummins"), alleging that it violated the False Claims Act, 31 U.S.C.A. § 3729 *et seq*. ("FCA"), are virtually devoid of operative facts and thus fail to state cognizable claims.

Relator does not identify the Cummins representative(s) allegedly involved in the FCA violations, the dates of Cummins' alleged conduct, any specific false claims or false statements Cummins allegedly made to the federal government, the alleged benefits Cummins received or any of the other purported particulars of Relator's FCA claims against Cummins, as is required by Fed. R. Civ. P. 9(b). Similarly, Relator does not allege facts making it probable that Cummins acted with the specific intent required to violate the FCA. Relator's generalized conclusions, speculation and parroting of the elements of an FCA claim are not sufficient under any pleading standard.

1

Additionally, Relator's own allegations make it clear he is not an original source for the conclusory allegations he advances in his complaint, as defendant Wells has detailed in its Motion to Dismiss, and in which Cummins joins.

Finally, Relator alleges that the scheme about which he complains began in 2005 and was revealed to the federal government in 2006. Relator did not bring suit until 2014. Relator's claims are also barred by the FCA's statute of limitations, 31 U.S.C.A. § 3731.

For each of the above reasons, the Court should enter judgment in Cummins' favor on all claims against it alleged in Relator's Complaint. None of those claims state cognizable FCA claims.

## I. FACTUAL ALLEGATIONS

Relator alleges that defendants Fastenal and Wells conspired to use Wells as a sham, disadvantaged Native-American owned business to procure contracts from the federal government that neither Fastenal nor Wells could receive alone. (Compl. ¶ 3.)

From the best of Cummins' understanding, Relator makes a single factual allegation against Cummins: that it falsely identified its purchases from Wells as from a small, disadvantaged and minority-owned business for the purpose of obtaining "diversity credits" it could use to its advantage when bidding on federal government contracts. (Compl. ¶¶ 178, 180, 182(d), 194, 199, 204.)

Relator alleges that the "sham" business relationship between Wells and Fastenal began in 2005. Wells and Fastenal described the nature of their relationship for the federal government in a "8(a) mentor/protégé agreement," which the SBA approved in

2006. (*See* SBA Investigation Letter to Wells dated December 23, 2005 and SBA Approval Letter to Wells, Wells' Ex. 1.)[1] In 2006 the SBA investigated "Wells' intentions to be a reseller of Fastenal parts under its proposed 8(a) mentor/protégé agreement" and approved the very Wells-Fastenal relationship about which Relator complains. *Id*.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is assessed under the same standard as a motion to dismiss under Rule 12(b)(6). *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). The Court must accept as true all factual allegations in the non-moving party's pleading and draw all inferences in that party's favor. *Id*. The Court may consider the pleadings, matters of public record, judicial orders, documents embraced by the pleadings, and exhibits attached to the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Cont'l Cas. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV 09-287 (JRT/JJG), 2010 WL 11534606, at

---

[1] The Court can take judicial notice of this governmental communication as part of the pleadings and thus, Cummins' reference to that communication does not transform its motion into a motion for summary judgment. (*See* SBA Investigation Letter to Wells dated December 23, 2005, attached as Ex. 1; *See also* Fed. R. Civ. P. 201(c), (f); *See also Williams v. Roper*, No. 4:13-CV-2440 CAS, 2016 WL 4368097, at *3 (E.D. Mo. Aug. 16, 2016) (the court may take judicial notice of judicial opinions and public records).

*1 (D. Minn. May 20, 2010), *report and recommendation rejected*, No. CV 09-287 (JRT/JJG), 2010 WL 11537463 (D. Minn. Sept. 30, 2010).

### III. ARGUMENT

Relator summarily states that Cummins participated in the alleged Wells-Fastenal "sham," but he does not identify any facts describing that participation or making Cummins' knowledge of the alleged scam "probable," as is minimally required. Relator's allegations against Cummins are a series of conclusions and assertions, without supporting facts. Those allegations do not state cognizable claims.

Additionally, Relator's claims are time-barred. Relator alleges that the Wells-Fastenal "scheme" began in 2005, but did not bring this lawsuit until 2014. Compl. ¶ 3. The limitations period applicable to Relator's FCA claims is the later of "6 years after the date on which the alleged violation occurred, or 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States[.]" 31 U.S.C.A. § 3731(b). Relator did not bring this lawsuit until approximately 9 years after the alleged violations occurred and more than 8 years after the Well-Fastenal relationship was disclosed to – and approved by -- the federal government. Relator's claims are barred by the FCA's statute of limitations.

For both reasons, Cummins is entitled to judgment on Relator's claims against it.

    **A.    Relator has not attempted to identify any particulars of Cummins' alleged FCA violation as is required to state a valid FCA claim.**

FCA violations must be pleaded with particularity. *U.S. ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 916 (8th Cir. 2014). That means "the

complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id*. at 916-17 (quoting *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc*., 441 F.3d 552, 556 (8th Cir. 2006)). In short, "[t]he complaint must identify the who, what, where, when, and how of the alleged fraud." *Thayer*, 765 F.3d at 917 (internal citations omitted).

When a Relator alleges that a defendant engaged in a "systematic practice or scheme of submitting fraudulent claims," it must either "provide some representative examples of [the defendant's] alleged fraudulent conduct, specifying the time, place, and content of [the defendant's] acts and the identity of the actors," *Id*. at 917, or "plead the particular details of a scheme to submit false claims *paired with* reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* A Relator cannot simply plead fraud generally at the outset and then "fill in the blanks" through discovery. *Joshi*, 441 F.3d at 559.

Relator does not allege any particular facts supporting its FCA allegations against Cummins. Relator identifies Cummins, by name, in only four paragraphs of the 169 paragraphs of the "fact" section of his complaint. *See* Compl. ¶¶ 164, 170, 177, 180. None of those paragraphs identify, specifically or generally, even a single instance in which Cummins (1) told the federal government of its business with Wells; (2) described Wells to the federal government in any way; (3) received any "diversity credits" as a result of business with Wells; or (4) received any government contracts as a result of "diversity credits" it obtained from doing business with Wells.

5

In the remainder of Relator's factual allegations, Relator refers to defendants Cummins and ICS, collectively, as the "Subcontracting Defendants." (Compl. ¶ 7.) Relator's allegations relating to the "Subcontracting Defendants" similarly do not identify a single instance of any of the four items above. Relator has thus not alleged a "single, specific false claim or statement submitted to the government," or a specific claim paid by the government. He also not pleaded any "particular details of a scheme to submit false claims *paired with* reliable indicia that lead to a strong inference that claims were actually submitted," as is required to assert a cognizable FCA claim. *Thayer*, 765 F.3d at 917; *Roop*, 559 F.3d at 820-21.

Relator alleges he communicated his interest in working with Cummins on two sets of federal contracts and that an unidentified Cummins representative allegedly told him that Cummins buys product from Wells "through Fastenal to satisfy their diversity requirements for these contracts." Compl. ¶¶ 164-65, 170. That conversation, if it occurred, is not evidence of a FCA violation. There is nothing about that conversation to indicate that Cummins knew the details of the Wells-Fastenal relationship or knew that Wells was (allegedly) not a legitimate disadvantaged, minority-owned business. Further, the "diversity credits" allegedly mentioned are not explained and are not, in any way, linked to Cummins' receipt or use of such credits to obtain federal contracts. Further, that alleged conversation does not indicate that Cummins ever reported its business with Wells to the federal government, that Cummins ever received any "diversity credits" as a result of its business with Wells, that Cummins ever attempted to obtain federal contracts based on "diversity credits" it allegedly received as a result of doing business with Wells,

or that Cummins received any government contracts as a result of doing business with Wells. In short, the purported conversation between Relator and an unidentified Cummins representative does not support any element of an FCA violation and thus does not allow Relator to state a cognizable FCA claim against Cummins.

Like the Relator in *Joshi*, Relator in this case has not identified a single example of a false claim, a false statement, particular dates of fraudulent activity, any benefits Cummins actually derived, or specific claims the government actually paid as a result of Cummins' alleged fraud. And, unlike the Relator in *Thayer*, the Relator in this case does not have first-hand knowledge of the alleged FCA scheme and offers no specific, reliable indicia that Cummins actually submitted any false claims or false statements to the federal government or that Cummins received an undeserved benefit as a result of any such false statements or claims. Relator instead relies on conclusions, speculation and the parroting of the elements of an FCA claim, which is not sufficient to state a cognizable claim under any pleading standard. Judgment should be entered in Cummins' favor because Relator's claims do not state cognizable FCA claims against Cummins.

> **B. Relator has not pleaded any facts, let alone sufficient facts to make it probable, that Cummins acted with the knowledge necessary to state a claim under the False Claims Act.**

Similarly, while the specific intent requirement of an FCA claim can be pleaded generally, *see* Fed. R. Civ. P. 9(b), Relator must still identify facts making it plausible that Cummins knew Wells was not a legitimate small, disadvantaged, minority-owned business. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009). Relator cannot state a claim by relying on nothing but

"threadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]" *Iqbal*, 129 S.Ct. at 1949. And that is all Relator offers.

Relator does not identify a single communication between Cummins and either Wells or Fastenal regarding the Wells-Fastenal relationship or a single internal communication that can raise an inference that Cummins knew Wells was (allegedly) not a legitimate small, disadvantaged, minority-owned business. The single communication between Relator identifies, between him and an unidentified Cummins representative, in fact, supports the exact opposite conclusion. That communication, summarized above, indicates Cummins believed that Wells was/is a legitimate small, disadvantaged, minority-owned business and that Cummins would receive some kind of undefined "diversity credits" from doing business with Wells. That allegation does not support Relator's claim against Cummins, it defeats it.

Judgment should be entered in Cummins' favor on Relator's claims against it for the independent reason that Relator has not attempted to satisfy *Twombly*'s and *Iqbal*'s minimal pleading standards to state a claim.

### C.    Relator is not an original source.

Cummins joins in Section III of Co-Defendant Wells' memorandum of law in support of its motion to dismiss.

### D.    Relator's FCA claims are time-barred.

Civil actions brought under the FCA must be brought within "6 years of the date on which the violation was committed, or 3 years after the date when the material facts

giving rise to the cause of action are known or reasonably should have been known by the U.S. government, whichever date is later." 31 U.S.C.A. § 3731(b).

Here, Relator claims the alleged fraudulent "scheme" began in 2005, nine years before Relator filed his civil action. Additionally, Fastenal and Wells disclosed to the federal government the very structure of their relationship and the government approved it in 2006. At a minimum, Fastenal's and Wells' disclosures to the government prior to the 2006 approval provided the government with sufficient information for it to be on inquiry notice of any purported FCA violation. The Relator's complaint, filed eight years after Wells' and Fastenal's disclosures to the federal government, is five years too late. For this additional reason, judgment should be entered in Cummins favor.

## IV. CONCLUSION

Relator has not attempted to plead his claims against Cummins with the particularity required by Rule 9(b). His complaint does not satisfy even the minimal pleading standards articulated in *Twombly* and *Iqbal*. Separately, Relator filed his claims years beyond expiration of either prong of the FCA's statute of limitations. For each of those reasons, and all of them, the Court should enter judgment in Cummins favor on all claims Relator has asserted against it.

Dated: December 15, 2017

BARNES & THORNBURG LLP


/s/ *Lee A. Hutton, III*
Lee A. Hutton, III (#0327992)
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
Telephone: 612.333.2111
Facsimile: 612.333.6798
lhutton@btlaw.com

T. Joseph Wendt, Esq. *(pro hac vice)*
Amber Hammond, Esq. *(pro hac vice)*
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: 317.236.1313
Facsimile: 317.231.7748
jwendt@btlaw.com
amber.hammond@btlaw.com

*Attorneys for Cummins, Inc.*